NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CESAR JOVANY ESTRADA, *Appellant.*

No. 1 CA-CR 13-0714
FILED 09-23-2014

Appeal from the Superior Court in Maricopa County
No.  CR2012-162336-002
The Honorable Warren Granville, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

---

## MEMORANDUM DECISION

---

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Andrew W. Gould joined.

---

**P O R T L E Y**, Judge:

**¶1**  This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Cesar Jovany Estrada has advised us that, after searching the entire record, she has been unable to discover any arguable questions of law, and has filed a brief requesting us to conduct an *Anders* review of the record. Estrada was given the opportunity to file a supplemental brief but has not done so.

### FACTS[1]

**¶2**  Estrada and Angel Lopez were at a Julioberto's restaurant on December 7, 2012. After returning from the restroom, Estrada whistled, and Lopez went up to the cashier and demanded the money. Lopez then went to the drive-through register and took the money out of that register. During the robbery, which was caught on videotape, Estrada kept walking in and out of the restaurant, and he told Lopez to hurry. The pair split up, but the police arrested Lopez a short time later as he was running away with his pockets stuffed with money. After receiving information from Cecilia Johnson, Lopez's girlfriend, the police located and arrested Estrada.

**¶3**  Estrada was indicted on two counts of aggravated robbery, a class 3 felony. During trial, the State called Johnson to testify and she responded to all the substantive questions with "I don't know." The court, as a result, allowed the State to use the statements she made to Detective Gonzalez.

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

¶4 The next day, the State notified the court that it had just discovered that Johnson had both a felony conviction that was more than ten years old and a misdemeanor conviction involving moral turpitude.[2] Estrada moved for a mistrial, but the court determined that he could elicit testimony about the convictions directly from Johnson or Detective Gonzalez. The State, as a result, recalled Johnson, and again her response to every question was, "I don't know." The jury, however, heard about Johnson's convictions from Detective Gonzalez. After an unsuccessful motion for directed verdict, final jury instructions and arguments, the jury convicted Estrada on both counts. He was subsequently sentenced to two six-year concurrent prison terms and credited with 240 days of presentence incarceration.

¶5 We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[3]

## DISCUSSION

¶6 We have read and considered the opening brief and have searched the entire record for reversible error. We find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Estrada was represented by counsel throughout the proceedings. And, his sentence, a mitigated term, was within the statutory limits.

¶7 After this decision is filed, counsel's obligation to represent Estrada in this appeal has ended. Counsel need only inform Estrada of the status of the appeal and his future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Estrada may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

---

[2] The State initially thought Johnson only had a misdemeanor conviction that did not involve moral turpitude and did not disclose the conviction.
[3] We cite the current version of the applicable statutes absent changes material to this decision.

## CONCLUSION

¶8 Accordingly, we affirm Estrada's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: gsh